Mario Pittoni, J.
Application by petitioner, Allstate Insurance Company, for a stay of arbitration is granted upon the condition that within 20 days after the date of this order the petitioner commence an action for a declaratory judgment in which all parties shall be joined who are interested in the accident of June 23, 1967. in which the claimant was allegedly injured.
As held in Spinella v. MVAIC, decided herewith, the court will not join as parties to the proceeding persons or corporations who are not parties to the agreement providing for arbitration. The movant may commence an action for a declaratory judgment as in MVAIC v. National Grange Mut. Ins. Co. (19 N Y 2d 115). In such action all interested persons could be joined as parties, there would be formal pleadings in which the issues were defined, and applications could be made for such pretrial examinations as were deemed necessary.
Other than the 'Special Term authority to which the petitioner refers in paragraph “ 12 ” of the petition the court knows of no case in which persons not parties to the agreement for arbitration were made parties to the proceeding staying arbitration. The Appellate Division authority, MVAIC v. National Grange Mut. Ins. (26 A D 2d 6, affd. as noted in second paragraph hereof) to which reference is made in the Special Term ruling cited and quoted by the petitioner was an action for declaratory judgment. In Matter of Weisburgh v. MVAIC (28 A D 2d 783) which involved a stay of arbitration pending a determination of a question of insurance coverage for the alleged tort-feasor it was written “ arbitration should be stayed pending the determination of that issue in a court of competent jurisdiction ”. Had the Appellate Division, Third Department intended such issue to be decided at a hearing held before the Special Term it would probably have merely modified the decision below to provide for the hearing and not stated “ in a court of competent jurisdiction”.
A preliminary hearing between the parties to the policy will be ordered at Special Term, Part II, if the petitioner so desires, to which all interested persons, including the insurer for the tort-feasor, may be subpoenaed as witnesses, but the court will not make the insurer a ‘ ‘ party ’ ’ to that proceeding, even though, as here, the insurer may have no objection to the request.